# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MICHAEL CRAIG MITCHELL,** <br> 9131 Robinson St. <br> Overland Park, Kansas 66212 <br><br> *On behalf of himself and all others similarly situated*, <br><br>            *Plaintiff*, <br><br> v. <br><br> **AEROTEK, INC.,** <br> 7301 Parkway Drive <br> Hanover, MD 21076, <br><br> Serve on: <br> Randall D. Sones, Res. Agent, <br><br> and <br><br> **ALLEGIS GROUP, INC.** <br> 7301 Parkway Drive <br> Hanover, MD 21076, <br><br> Serve on: <br> Randall D. Sones, Res. Agent, <br><br>            *Defendants*. | Civil Action No.:_____ |

## CLASS ACTION COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    This is a consumer class action brought for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"), against Aerotek, Inc. ("Aerotek") and Allegis Group, Inc. ("Allegis").

2.    Defendants are employment agencies, and they each routinely obtain and use

consumer reports to conduct background checks on prospective employees, and frequently rely on such information, in whole or in part, as a basis for adverse employment action.

3.  While the use of consumer reports for employment purposes is not *per se* unlawful, it is subject to strict disclosure requirements under the FCRA. The FCRA, 15 U.S.C. § 1681b(b)(3)(A), requires that before taking any adverse action based in whole or in part on a consumer report used for employment purposes, the person intending to take such adverse action shall provide to the consumer to whom the report relates: (a) a copy of the report, and (b) a description in writing of the rights of the consumer under the FCRA, 15 U.S.C. §1681g(c)(1).

4.  Defendants have violated the requirements of 15 U.S.C. § 1681b(b)(3)(A) by taking adverse employment action against Plaintiff and others based on a consumer report, without *first providing* Plaintiff and others with a copy of the pertinent consumer report and a written description of their rights under the FCRA.

## II.     JURISDICTION

5.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p.

## III.    PARTIES

6.  Plaintiff Michael Craig Mitchell ("Plaintiff") is an adult individual who resides in Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7.  Defendants are corporations that use "consumer reports" for "employment purposes," as those terms are defined by 15 U.S.C. § 1681a(d) and (h). Defendants take "adverse action," as that term is defined by 15 U.S.C. § 1681a(k), based on consumer reports. Defendants each have a corporate headquarters at 7301 Parkway Drive South, Hanover, MD 21076. Based on information and belief, Aerotek is an operating company of Allegis, and Allegis and its operating companies, including Aerotek, customarily operate in concert with

each other in the procurement and use of consumer reports for employment purposes.

## IV. FACTUAL ALLEGATIONS

8. In or around October 2012, Plaintiff sought employment with Aerotek.

9. In or around October 2012, Plaintiff had an employment interview with Aerotek. Plaintiff filled out an employment application and a form authorizing Aerotek and/or Allegis to obtain his consumer report for employment purposes. During the interview, Plaintiff and Aerotek discussed his employment history and other things about working in an office. Aerotek told him that they would do a background check of his criminal history. Aerotek submitted Plaintiff for a position at United Health Care.

10. Plaintiff did in fact receive a position through Aerotek at United Health Care. Plaintiff began his employment in or around early November of 2012. Over the next three weeks, Plaintiff went to work every weekday at United Health Care and was paid by Aerotek for his work during those three weeks.

11. On or around November 20, 2012, Allegis, on behalf of itself and in concert with its operating company Aerotek, requested a consumer report concerning Plaintiff from a national consumer reporting agency.

12. On November 30, 2012, Aerotek and Allegis received a consumer report in the form of a criminal background report concerning Plaintiff.

13. The background report included inaccurate information. Specifically, the report contained two felonies and three misdemeanors, in addition to numerous items of personal information, which belong to at least two other unrelated persons.

14. Plaintiff has no criminal history, and has never been arrested or charged with any crime.

3

15. On Friday November 30, 2012, a representative of Aerotek orally told Plaintiff that he could not return to the United Health Care location on the following Monday because his background report included numerous crimes making him ineligible to continue the position.

16. On or about December 7, 2012, Plaintiff received correspondence from Aerotek titled "Notice of Intent to Take Adverse Action." The correspondence dated December 3, 2012 included a copy of Plaintiff's background report, which contained the inaccurate information. This correspondence was the first time that Plaintiff had received or reviewed the background report. Plaintiff received the correspondence more than one week after Defendants in fact took the adverse action against Plaintiff, in violation of section 1681b(b)(3)(A) of the FCRA.

17. Plaintiff never received any correspondence at all from Allegis concerning its intent to take adverse action against him based upon a consumer report, or any correspondence indicating that an adverse action had in fact taken place.

18. Plaintiff disputed the inaccurate criminal information in his background report, and the background report was corrected on or about December 31, 2012 by the consumer reporting agency that sold the report to Defendants.

## V. CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action individually and as a class action, pursuant to Rule 23(a) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

   (a) All natural persons residing in the United States (including all Territories and other political subdivisions of the United States), who had an adverse action taken against them by Aerotek within five (5) years prior to the filing of the Complaint, based in whole or in part on a consumer report used for employment purposes by Aerotek, and to whom Aerotek did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the adverse action was taken.

(b) All natural persons residing in the United States (including all Territories and other political subdivisions of the United States), who had an adverse action taken against them by Aerotek within two (2) years prior to the filing of the Complaint, based in whole or in part on a consumer report used for employment purposes by Aerotek, and to whom Aerotek did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the adverse action was taken.

(c) All natural persons residing in the United States (including all Territories and other political subdivisions of the United States), who had an adverse action taken against them by Allegis, either acting alone or in concert with any of its operating companies, during within five (f) years prior to the filing of the Complaint, based in whole or in part on a consumer report procured for employment purposes by Allegis, either acting alone or in concert with any of its operating companies, and to whom Allegis either acting alone or in concert with any of its operating companies, did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the adverse action was taken.

(d) All natural persons residing in the United States (including all Territories and other political subdivisions of the United States), who had an adverse action taken against them by Allegis, either acting alone or in concert with any of its operating companies, within two (2) years prior to the filing of the Complaint, based in whole or in part on a consumer report procured for employment purposes by Allegis, either acting alone or in concert with any of its operating companies, and to whom Allegis either acting alone or in concert with any of its operating companies, did not provide a copy of the consumer report and a written description of rights as provided in 15 U.S.C. § 1681b(b)(3)(A)(ii) at least five business days before the adverse action was taken.

20. Each Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Defendants regularly obtain and use information in consumer reports to conduct background checks on prospective employees and rely on such information, in whole or in part, as a basis for adverse action. Defendants have hundreds of employment placing offices worldwide. Plaintiff thus estimates that the size of each proposed Class will number in the hundreds, if not thousands.

21. There are questions of law and fact common to the Class that predominate over

any questions affecting only individual Class members.  The principal questions are whether Defendants violated the FCRA by taking adverse action against Plaintiff and Class members on the basis of information in a consumer report, without first providing a copy of the report to those persons; and whether the violations were negligent and/or willful.

22.     Plaintiff's claims are typical of the claims of each Class, which all arise from the same operative facts and are based on the same legal theories.  Defendants typically use consumer reports to conduct background checks on prospective employees.  Defendants typically do not provide copies of consumer reports to prospective employees before taking adverse action based on information in such reports.

23.     Plaintiff will fairly and adequately protect the interests of each Class.  Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims under the FCRA.  Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this claim.

24.     This action should be maintained as a class action because questions of law and fact common to each Class predominate over any questions affecting only individual Class members, and because a class action is a superior method for the fair and efficient adjudication of this controversy.  Defendants' conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA.  Members of each Class do not have an interest in pursuing separate actions against Defendants, as the amount of each Class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices. Moreover, management of this action as a class action will not present any likely difficulties.  In

the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single forum.

25.  This action should be maintained as a class action because the prosecution of separate actions by individual members of each proposed Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing each Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

## COUNT I
### (FCRA §15 U.S.C. 1681b(b)(3))

26.  Plaintiff realleges and incorporates the foregoing paragraphs.

27.  Pursuant to their usual policies and practices Defendants never provided Plaintiff with pre-adverse action notice before taking adverse action against him, and never re-hired, or even contacted Plaintiff, concerning his employment, even after he had the false criminal history corrected through his dispute.

28.  Defendants routinely obtain and use consumer reports, including background reports, on their job applicants as part of their standard screening process.

29.  Defendants do not perform these background checks in-house. Rather, Defendants obtain and use consumer reports purchased from consumer reporting agencies.

30.  Defendants typically do not provide job applicants with a copy of their consumer reports before they take adverse action against them based on the information in such reports, despite being required to do so by section 1681b(b)(3)(A) of the FCRA.

31. This practice violates one of the most fundamental protections afforded to job applicants under the FCRA, and also runs counter to longstanding regulatory guidance. The Federal Trade Commission ("FTC") has long held that Section 604(b)(3)(a) [15 U.S.C. § 1681b(b)(3)(A)] "requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report (such as a criminal record) would automatically disqualify the individual from employment or lead to an adverse employment action. Indeed, this is precisely the situation where it is important that the consumer be informed of the negative information in case the report is inaccurate or incomplete." See Federal Trade Commission letter dated June 9, 1998 to A. Michael Rosen, Esq.

32. A primary reason that Congress required that a person intending to take an adverse action based on information in a consumer report provide the report to the consumer before taking the adverse action is so the consumer has time to review the report and dispute information that may be inaccurate, or discuss the report with the prospective employer before adverse action is taken. See Federal Trade Commission letter dated December 18, 1997 to Harold R. Hawkey, Esq. ("[T]he clear purpose of the provision to allow consumers to discuss reports with employers or otherwise respond before adverse action is taken").

33. Consistent with that purpose, federal courts have held that the prospective employer must provide the report to the consumer "a sufficient amount of time before it takes adverse action so that the consumer may rectify any inaccuracies in the report." *Williams v. Telespectrum, Inc.*, 2006 U.S. Dist. LEXIS 101162, at *18 (E.D. Va. Nov. 7, 2006); *Beverly v. Wal-Mart Stores, Inc.*, 2008 U.S. Dist. LEXIS 2266 (E.D. Va. Jan. 11, 2008) (quoting *Williams*). In *Reardon v. Closetmaid Corporation*, 2011 U.S. Dist. LEXIS 45373 (W.D. Pa. April 27,

2011), the court certified a class action for prospective employees who did not receive a copy of their credit report at least five days before being notified that the employer might take adverse action.

34. By means of these cases and others construing section 1681b(b)(3)(A), Defendants had substantial notice that their conduct violated the FCRA.

35. By failing to provide Plaintiff and other Class members with copies of their consumer reports prior to taking adverse action against them based on the reports, Defendants disregarded the case law, regulatory guidance, and the plain language of the FCRA, § 1681b(b)(3)(A).

36. Defendants' conduct was a result of their deliberate policies and practices, and was taken in reckless disregard for a consumer's rights under the FCRA, and further assumed an unjustifiably high risk of harm.

37. Defendants were acting in concert with each other and by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants

38. Plaintiff realleges and incorporates the foregoing paragraphs.

39. Defendants used a consumer report for employment purposes, and took adverse action against Plaintiff and Class members, based in whole or in part on the consumer report(s).

40. Defendants negligently and willfully failed to comply with the requirements of FCRA section 1681b(b)(3)(A) by failing to provide Plaintiff and Class members with a copy of the consumer report before taking the adverse action.

41. Pursuant to 15 U.S.C. § 1681n & o, Defendants are liable to Plaintiff and all Class members for their failure to comply with FCRA section 1681b(b)(3)(A), in an amount

equal to the sum of (1) statutory damages of not less than $100 and not more than $1,000 per violation, (2) actual damages, (3) punitive damages in an amount to be determined by the jury, (4) attorney's fees, and (5) costs.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

a. An order certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

b. Statutory damages in the amount of not less than $100 and not more than $1,000 per violation per Class member, pursuant to 15 U.S.C. § 1681n(a)(l);

c. Actual damages pursuant to 15 U.S.C. §§ 1681n(a) and 1618o(a);

d. Punitive damages to be determined by the jury, pursuant to 15 U.S.C. § 1681n(a)(2);

e. Attorney's fees and costs, pursuant to 15 U.S.C. § 1681n & o; and

f. Such other relief as may be just and proper.

## VI. JURY TRIAL DEMANDED

42. Plaintiff demands trial by jury.

**GORDON, WOLF & CARNEY, CHTD**

| | |
|---|---|
| By: /s/Martin E. Wolf<br>MARTIN E. WOLF (Bar No. 09425)<br>102 W. Pennsylvania Avenue<br>Suite 402<br>Towson, MD 21204<br>(410) 825-2300 | **FRANCIS & MAILMAN, P.C.**<br>*JAMES A. FRANCIS<br>*JOHN SOUMILAS<br>Land Title Building, 19th Floor<br>100 South Broad Street<br>Philadelphia, PA 19110<br>(215) 735-8600 |

*Attorneys for Plaintiff*

* *Pro Hac Vice* applications to be submitted.